1

YASHA RAHIMZADEH, ESQ. (SB #230487)
LAW OFFICES OF YASHA RAHIMZADEH
980 Ninth Street, 16th Floor, PMB 1021
Sacramento, CA 985814
Telephone: (916) 337-8066
Facsimile: (916) 446-7104
Email: yr_law@hotmail.com

Attorney for Plaintiff
Spine & Neurosurgery Associates,
A Medical Corporation

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Spine & Neurosurgery Associates, A Medical Corporation, <br><br> Plaintiff, <br><br> v. <br><br> Blue Shield of California Life & Health Insurance Company, a California corporation; and Does 1-10, <br><br> Defendants | Case No. 2:16-at-00774 <br><br> **COMPLAINT** <br> **ERISA 29 U.S.C. § 1132(a)(1)(B)** |

## I.

## Preliminary Statement

1.      This action is brought on behalf of Plaintiff, Spine & Neurosurgery

Associates, A Medical Corporation, pursuant to the Employee Retirement Income

Security Act of 1974, 29 U.S.C. § 1001, et. Seq. ("ERISA"). Plaintiff seeks to recover

medical benefits pursuant to the terms of a medical benefits plan entitled "Combined

Shared Advantage & Shared Advantage Plus Agreement By and Between California

Physicians' Service D/B/A Blue Shield of California and UFCW & Employees Benefit Trust, dated September 1, 2009" (the "Plan") and under 29 U.S.C. § 1132(a)(1)(B). Plaintiff seeks these remedies, plus prejudgment interest, post-judgment interest, Plaintiff's costs and attorney's fees, pursuant to 29 U.S.C. § 1132(g).

## II.

### Jurisdiction And Venue

2.      Jurisdiction is conferred on this Court by ERISA, 29 U.S.C. § 1132(e)(1) and (f), which provides the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee benefit plan.

3.      Venue is proper in the Easter District of California, pursuant to ERISA, 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391.

4.      A jury trial is demanded.

## III.

### Parties

5.      Plaintiff is a medical corporation incorporated in the State of California and conducting business in the Eastern District of California.

6.      Plaintiff brings these claims, pursuant to 29 U.S.C. 1002(8) as the assigned beneficiary of Viktor Tkachuk who was insured pursuant to the Plan.

7.      The Plan is an employee welfare benefit plan specifically covered under ERISA, 29 U.S.C §1002(2)(A), and an "employee benefit plan" as defined by 29 U.S.C. § 1002(3), under which Viktor Tkachuk was a "beneficiary", as defined by 29 U.S.C. § 1002 (8).

8.      At all times material herein, Defendant Blue Shield of California Life &
Health Insurance Company ("Defendant") was the plan administrator of the Plan, within
the meaning of ERISA, 29 U.S.C. § 1002(16)(B).

9.      At all times material herein, Blue Shield was the claims administrator of the
Plan, making and/or participating in making all benefits decisions under the Plan.

## IV.

## Summary of Plaintiff's Claims

10.     From May 14-15, 2015, Plaintiff provided emergency medical treatment
and services to Viktor Tkachuk.

11.     Plaintiff's costs and fees, for the treatment of Mr. Tkachuk, amount to
thirty-three thousand and forty-eight dollars ($33,048.00).

12.     From May 14-15, 2015, Plaintiff did not have a contract with Defendant to
provide its insured members with medical treatment or services. Thus, it was not
contractually required to limit its claim, against Defendant, for reimbursement of the
costs and fees referenced in Paragraph 11.

13.     On or about June 10, 2015, Plaintiff submitted its claim, for
reimbursement of the costs and fees referenced in Paragraph 11, to Defendant in writing.

13.     On or July 10, 2015, Plaintiff received correspondence from Defendant,
titled 'Explanation of Benefits', in which Defendant indicated that it had received
Plaintiff's claim and had decided to pay only nine hundred and sixty dollars and twenty-
nine cents ($960.29) of such claim.

14.     On or about July 28, 2015, Plaintiff responded to Defendant's
correspondence of July 10, 2015, by indicating that it was not a contract-provider for

Defendant and would not accept Defendant's substantial reduction of its request for reimbursement.

15.     On or about October 6, 2015, Defendant responded, via correspondence, to Plaintiff's letter of July 28, 2015, indicating that it had reviewed Plaintiff's claim and determined that additional payment was not warranted.

16.     To date, Defendant has provided payment in the amount of two thousand four hundred dollars and seventy-four cents in response to Plaintiff's total claim of thirty-three thousand and forty-eight dollars.

17.     On or about May 13, 2015, Viktor Tkachuk executed a financial agreement, agreeing to direct his insurance to pay directly to the medical provider all insurance benefits other payable to him for the services provided to him.

## V.

### Count 1: Unjustified Denial of Benefits

18.     Plaintiff incorporates herein by reference all of the averments of paragraphs 1 through 17 with like force and effect as though set forth in full herein.

19.     The Plan's decision denying medical benefits for the expenses described in Paragraph 11, above, is erroneous, arbitrary, capricious, and an abuse of discretion.

20. 29 U.S.C. § 1132 (a)(1)(B) authorizes Mr. Tkachuk to recover benefits due under the terms of the Plan, to enforce his rights under the terms of the Plan and ERISA, and/or to clarify Mr. Tkachuk's right to future benefits under the terms of the Plan.

21.     By denying Plaintiff payment of the medical benefits, the Plan has violated and continues to violate ERISA, 29 U.S.C. § 1132 (a)(1)(B).

22.  As a result of the denial of Mr. Tkachuk's medical benefits under the Plan, Plaintiff has incurred attorney's fees and costs, pursuant to 29 U.S.C. § 1132(g)(1).

**WHEREFORE**, Plaintiff prays for judgment as follows:

1.  For medical benefits in the amount of thirty two thousand four hundred and forty-seven dollars and seventy-one cents ($32447.71), pursuant to 29 U.S.C. § 1132(a)(1)B);

2.  For prejudgment and post-judgment interest;

3.  For an award of attorney's fees and costs under 29 U.S.C. § 1132(g)(1) and the facts and circumstances of this case; and;

4.  For such other relief as this court deems just and proper.

Dated: 6/30/16                    **LAW OFFICES OF YASHA RAHIMZADEH**

By: _____

Yasha Rahimzadeh
Attorney for Plaintiff
Spine & Neurosurgery Associates,
A Medical Corporation

**COMPLAINT**
**ERISA 29 U.S.C. § 1132(a)(1)(B)**