1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11                           ----oo0oo----

12  SPINE & NEUROSURGERY              CIV. NO. 2:16-1493 WBS CKD
    ASSOCIATES, a medical
13  corporation,                     MEMORANDUM AND ORDER RE: MOTION
                                     TO DISMISS
14              Plaintiff,

15       v.

16  BLUE SHIELD OF CALIFORNIA
    LIFE & HEALTH INSURANCE
17  COMPANY, a California
    corporation; and DOES 1
18  through 10,

19              Defendant.

20

21                           ----oo0oo----

22          Plaintiff Spine & Neurosurgery Associates filed this

23  case against defendant Blue Shield of California Life & Health

24  Insurance Company, seeking reimbursement for medical treatment

25  provided to a Blue Shield insured.  (Compl. ¶ 1 (Docket No. 1).)

26  Defendant now moves to dismiss plaintiff's complaint pursuant to

27  Federal Rule of Civil Procedure 12(b)(6).  (Def.'s Mot. to

28
                                 1

1  Dismiss ("Def.'s Mot.") (Docket No. 7).)

2  I.   Factual and Procedural History

3       Plaintiff is a California medical corporation. (Compl.
4  ¶ 5.)  From May 14 through 15, plaintiff provided emergency
5  medical treatment and services to Viktor Tkachuk, who was insured
6  by defendant. (Id. ¶ 10; Def.'s Mot., Mem. ("Def.'s Mem.") at
7  1.)  Plaintiff did not have a contract with defendant to provide
8  medical services. (Compl. ¶ 12; Def.'s Mem. at 1-2.)  The cost
9  of Tkachuk's treatment amounted to $33,048.00. (Compl. ¶ 11.)

10      On or about June 10, 2015, plaintiff submitted a claim
11  to defendant for full reimbursement of Tkachuk's treatment
12  expenses. (Id. ¶ 13.)  To date, defendant has paid $2,400.74 on
13  the claim. (Id. ¶ 16.)  The parties disagree about whether
14  defendant is obligated to pay the remaining amount. (Id. ¶¶ 13-
15  15.)  Their dispute centers on whether defendant is obligated to
16  pay more than contracted-provider rates on plaintiff's claim.
17  (See id. ¶¶ 12, 14; Def.'s Mem. at 2.)

18      On December 17, 2015, plaintiff filed a complaint in
19  the California Superior Court seeking payment on the remaining
20  amount from defendant. (See Def's Mot., Decl. of Christopher
21  Rheinheimer ("Rheinheimer Decl.") Ex. A, State Ct. Compl. (Docket
22  No. 7-3).[1])  Plaintiff's state court complaint alleged violation

23  _____

24      [1]   The court takes judicial notice of the three exhibits
    attached to the Rheinheimer declaration, as each exhibit is a
    document on file with the California Superior Court. See U.S. ex
25  rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971
    F.2d 244, 248 (9th Cir. 1992) (federal courts "may take notice of
26  proceedings in other courts, both within and without the federal
    judicial system, if those proceedings have a direct relation to
27  matters at issue."); see also Bryant v. Carleson, 444 F.2d 353,
    357 (9th Cir. 1971) (taking judicial notice of proceedings and

28

                                    2

1   of California Health and Safety Code and California Insurance

2   Code.  (Id. at 4-5.)  It did not raise other claims.  Defendant

3   demurred to the state court complaint in its entirety, and the

4   state court sustained that demurrer without leave to amend.  (Id.

5   Ex. B, State Ct. Order at 3 (Docket No. 7-4).)  Plaintiff also

6   voluntarily dismissed the state court action with prejudice.

7   (Id. Ex. C, State Ct. Request for Dismissal (Docket No. 7-5);

8   Def.'s Mem. at 2.)

9        On June 30, 2016, plaintiff initiated an action in this

10  court seeking reimbursement for the same expenses it sought

11  reimbursement for in state court.  (Compl. ¶ 11.)  This time,

12  plaintiff cites the Employee Retirement Income Security Act

13  ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), as the sole basis for its

14  claim.  (Id. ¶ 18-21.)  Defendant now moves to dismiss

15  plaintiff's complaint on grounds of res judicata, arguing that

16  the state court judgment bars this action.  (Def.'s Mem. at 3.)

17  II.  Legal Standard

18       On a motion to dismiss for failure to state a claim

19  under Rule 12(b)(6), the court must accept the allegations in the

20  pleadings as true and draw all reasonable inferences in favor of

21  the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974),

22  overruled on other grounds by Davis v. Scherer, 468 U.S. 183

23  (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  To survive a

24  motion to dismiss, a plaintiff must plead "only enough facts to

25  state a claim to relief that is plausible on its face."  Bell

26  Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

27

28  filings in state courts).

1    "While a complaint attacked by a Rule 12(b)(6) motion

2    to dismiss does not need detailed factual allegations, a

3    plaintiff's obligation to provide the 'grounds' of his

4    'entitle[ment] to relief' requires more than labels and

5    conclusions . . . ." Twombly, 550 U.S. at 555 (citation

6    omitted). "Threadbare recitals of the elements of a cause of

7    action, supported by mere conclusory statements, do not suffice,"

8    and "the tenet that a court must accept as true all of the

9    allegations contained in a complaint is inapplicable to legal

10   conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

11   III. Analysis

12       "Res judicata, also known as claim preclusion, bars

13   litigation in a subsequent action of any claims that were raised

14   or could have been raised in the prior action." W. Radio Servs.

15   Co. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997). "In order

16   for res judicata to apply there must be: 1) an identity of

17   claims, 2) a final judgment on the merits, and 3) identity or

18   privity between parties." Id. "Congress has specifically

19   required all federal courts to give preclusive effect to state-

20   court judgments whenever the courts of the State from which the

21   judgments emerged would do so." Allen v. McCurry, 449 U.S. 90,

22   96 (1980) (citing 28 U.S.C. § 1738).

23       The parties in this action are identical to those in

24   the earlier state court action. (Compare State Ct. Compl., with

25   Compl.)

26       As for whether the state court judgment was final and on

27   the merits, California courts have held that "a dismissal with

28   prejudice is the equivalent of a final judgment on the merits,

4

1    barring the entire cause of action." Boeken v. Philip Morris

2    USA, Inc., 48 Cal. 4th 788, 793 (2010).  Similarly, "a judgment

3    entered after the sustaining of a general demurrer is a judgment

4    on the merits, and, to the extent that it adjudicates that the

5    facts alleged do not establish a cause of action, it will bar a

6    second action on the same facts."  Palomar Mobilehome Park Ass'n

7    v. City of San Marcos, 989 F.2d 362, 364 (9th Cir. 1993) (citing

8    Crowley v. Modern Faucet Mfg. Co., 44 Cal. 2d 321, 322 (1955)).

9         Here, the factual basis for plaintiff's claim--its

10   treatment of Tkachuk and subsequent inability to obtain full

11   reimbursement from defendant--is identical to the factual basis

12   that supported its state court claims.  (Compare State Ct. Compl.

13   ¶¶ 9-16, with Compl. ¶¶ 10-17.)  Plaintiff does not dispute this.

14   The state court sustained defendant's general demurrer on

15   plaintiff's state court claims without leave to amend.  (State

16   Ct. Order at 3.)  Moreover, plaintiff voluntarily dismissed the

17   state court action with prejudice.  (State Ct. Request for

18   Dismissal.)  Accordingly, the state court judgment was final and

19   on the merits.

20        Plaintiff disputes whether the state court judgment,

21   which only resolved its state law claims, (see State Ct. Order at

22   2-3), bars its present action, which is based on federal law.

23   According to plaintiff, "after being informed that Mr. Tkachuk's

24   health plan was an ERISA plan, Plaintiff's counsel realized that

25   the State Court could not decide the issue of whether the

26   Plaintiff's [state law] claim was viable" because "ERISA

27   preempted state law with regard to Plaintiff's claims for

28   reimbursement."  (Pl.'s Opp'n at 5, 8 (Docket No. 10).)  At that

1   time, "Plaintiff's counsel, in his professional judgment, made

2   the decision not to oppose Defendant's demurrer" on the belief

3   that "the proper forum for Plaintiff's claims against Defendant

4   was [in federal court]." (Id. at 8.) Plaintiff maintains that

5   because "the State Court could not have addressed the issues

6   presented in Plaintiff's current Complaint . . . res judicata

7   does not bar Plaintiff from litigating such issues in this

8   Court." (Id. at 7.)

9        In contrast to plaintiff's understanding, federal

10  preemption of state law does not necessitate federal preemption

11  of state court jurisdiction. It is well-established that "that

12  nothing in the concept of our federal system prevents state

13  courts from enforcing rights created by federal law. Concurrent

14  jurisdiction has been a common phenomenon . . . and exclusive

15  federal court jurisdiction over cases arising under federal law

16  has been the exception rather than the rule." Charles Dowd Box

17  Co. v. Courtney, 368 U.S. 502, 507 (1962). Congress "may confine

18  jurisdiction to the federal courts either explicitly or

19  implicitly. . . . [T]he presumption of concurrent jurisdiction

20  can be rebutted by an explicit statutory directive, by

21  unmistakable implication from legislative history, or by a clear

22  incompatibility between state-court jurisdiction and federal

23  interests." Gulf Offshore Co. v. Mobil Oil Corp., 453 U.S. 473,

24  478 (1981).

25       None of the considerations relevant to rebutting the

26  presumption of concurrent state-federal jurisdiction are present

27  with respect to the statute at issue in plaintiff's ERISA claim--

28  29 U.S.C. § 1132(a)(1)(B). Contrarily, the statute expressly

6

1  provides for concurrent state-federal jurisdiction: "State courts

2  of competent jurisdiction and district courts of the United

3  States shall have concurrent jurisdiction of actions under

4  paragraphs (1)(B) and (7) of subsection (a) of this section."  29

5  U.S.C. § 1132(e).  Accordingly, plaintiff could have raised its

6  ERISA claim in state court.

7        "California, as most states, recognizes that the

8  doctrine of res judicata will bar not only claims actually

9  litigated in a prior proceeding, but also claims that could have

10  been litigated."  Palomar Mobilehome Park Ass'n, 989 F.2d at 364

11  (citing Busick v. Workmen's Comp. Appeals Bd., 7 Cal. 3d 967, 975

12  (1972) and Jama Const. v. City of Los Angeles, 938 F.2d 1045,

13  1047 n.1 (9th Cir. 1991)).

14        The court has considered the harshness of barring

15  plaintiff from litigating its ERISA claim here in light of the

16  state court's dismissal of its related state claims without leave

17  to amend.  Nevertheless, because plaintiff could have and did not

18  raise its ERISA claim in state court prior to dismissal, and

19  because the state court dismissed plaintiff's action with

20  prejudice and without leave to amend, the court is compelled

21  under California law to dismiss plaintiff's ERISA claim with

22  prejudice.  See Boeken, 48 Cal. 4th at 793 ("[A] dismissal with

23  prejudice is the equivalent of a final judgment on the merits,

24  barring the entire cause of action."); Palomar Mobilehome Park

25  Ass'n, 989 F.2d at 364 ("[A] judgment entered after the

26  sustaining of a general demurrer is a judgment on the merits . .

27  . [and] it will bar a second action on the same facts."); see

28  also Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995)

1  ("Futility of amendment can, by itself, justify the denial of a

2  motion for leave to amend.").

3          The court might be faced with the possibility of a

4  different conclusion had plaintiff not voluntarily dismissed its

5  state court action with prejudice and the state court not

6  sustained defendant's demurrer without leave to amend.  But

7  because those events occurred, the court's ruling here is

8  compelled under California law.

9          IT IS THEREFORE ORDERED that defendant's motion to

10 dismiss plaintiff's complaint be, and the same hereby is,

11 GRANTED.  Plaintiff's complaint is DISMISSED WITH PREJUDICE and

12 WITHOUT LEAVE TO AMEND.

13 Dated:  October 7, 2016

14

WILLIAM B. SHUBB

15 UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28